# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DEAN LOCKETT, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JAMES RUDEK, et al., )<br>)<br>Respondent. ) | Case No. CIV-11-184-R |

## ORDER

Petitioner filed this action pursuant 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review. On June 14, 2011, Judge Roberts issued a Report and Recommendation wherein she recommended the petition be dismissed as untimely. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation.

Petitioner does not argue that his petition was timely filed or object to Judge Roberts conclusion that there is no basis for statutory tolling of the statute of limitations. Rather, he contends that he is actually innocent and therefore the statute of limitations period is inapplicable. Judge Roberts construed the response to the motion to dismiss as asserting a claim of actual innocence, and concluded that Petitioner had failed to establish that he was entitled to equitable tolling on the basis of actual innocence. Petitioner's sole objection to the Report and Recommendation is to the conclusion that he is not entitled to equitable tolling.

Petitioner contends that throughout his state-court criminal proceedings that reference was made to "strong arm robbery," which he contends is not a recognized crime in the state. From the parties' submissions, it is apparent that Plaintiff was charged and convicted of violating Okla. Stat. tit. 22 § 791, which is "Robbery defined." It is also clear to the Court, despite Petitioner's contentions that he merely stole a car, that as the jury found, he indeed violated the provisions of § 791. Robbery under § 791 is defined as "wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." From the preliminary hearing transcript Petitioner provided, the victim testified that while he was getting back into his vehicle, which he had left running in the parking lot of a convenience store, that Petitioner tapped him on the shoulder and asked whose car it was. When the victim responded mine, Petitioner punched him in the face. Although the victim attempted to gain control over the driver's seat in the car, Petitioner ultimately took control of the car and drove off. He and his brother were later arrested in the vehicle. Accordingly, although the term "strong arm" robbery was used, and although that term does not appear in the Oklahoma statutes, Plaintiff has failed to present evidence to the Court that the elements of the crime for which he was charged and convicted did not comport with the law of the State. As such, the Court finds no basis for Petitioner's actual innocence claim, and he is not entitled to equitable tolling of the statute of limitations.

Respondent's motion to dismiss is hereby granted and the Report and Recommendation is hereby adopted in its entirety. Petitioner is not entitled to a certificate

of appealability, because he has not made a substantial showing of the denial of a constitutional right. Judgment shall be entered consistent with this Order.

IT IS SO ORDERED this 5th day of July 2011.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE